wrong in so holding, but the question presented to us is not what was done below, but whether the cause is in this court.

Although it does not appear that this action was prosecuted under the forms prescribed in the statute of interpleader, sec 5016, Rev. Stat. yet we are unable to distinguish this case so far as the question of appeal is concerned, in principle from the case of McGinnis v. Schwab, 24 O. S., 336, where it was held that a litigation over a fund in court between a plaintiff and a defendant, substituted under the provisions of sec. 5016, was an action for money only.

It follows that the motion must be sustained, and the appeal dismissed.

C. T. Clarke and S. Hambleton, for motion.

J. D. Sullivan, contra.

---

## COSTS IN DIVORCE CASES.                                18

[Hamilton Circuit Court, January Term, 1890.]

Swing, Cox and Smith, JJ.

STATE EX REL. LIZZIE WHITE V. CLEMENT BATES, JUDGE.

GRANTING DECREE CANNOT BE CONDITIONED ON PAYMENT OF COSTS.

Where decree for divorce is granted the petitioner, she cannot be required to pay the costs as a condition precedent to the entry of the decree in her favor.

MANDAMUS.

SMITH, J.

We are of the opinion, that where, on the hearing of an application for divorce, the court of common pleas has found that the petitioner, a married woman, is clearly entitled thereto, and has approved a decree granting such divorce, that it has not the right to require, as a condition precedent to the entry thereof, that the costs in the case be paid by such petitioner, though the decree so approved, provided that she should have a judgment for such costs against her husband, the defendant. A rule of the court, requiring the petitioner in such case to pay the costs before the entry of the decree, is not warranted by, but is inconsistent with the laws of the state. We think the case comes clearly within the principle laid down in the case of Heffer v. Scranton, 27 O. S., 579.

It being conceded by the answer that the facts in this case are as above stated, a peremptory writ will be allowed as prayed for.

A. J. Marsh, attorney for relator.

---

## ACCOUNT BOOK—EVIDENCE.                                19

[Clinton Circuit Court, November Term, 1890.]

Swing, Cox and Smith, JJ.

EDWARD SHERIDAN V. JAMES TANNER.

PARTY WHO OFFERS BOOK IN EVIDENCE MAY BE QUESTIONED AS TO HABITS OF MAKING MISTAKES—MAY BE IMPEACHED BY REPUTATION OF HIS BOOKS.

In an action to recover an amount alleged to be due on a book account, the plaintiff offered himself as a witness to prove its correctness; *Held*: (1st) That it was competent on cross-examination to ask him "if he had not within the past two years made more than twenty-four mistakes in his account, which he was compelled to rectify." (2nd) It was also competent for defendant to offer his testimony of *customers* of the plaintiff, tending to prove that he kept incorrect accounts, and that the reputation of the plaintiff's books in the neighborhood among those who dealt with him, was bad,

ERROR to the Court of Common Pleas of Clinton county.

The facts are stated in the opinion of the court.

Cox, J.

The plaintiff in error seeks to reverse a judgment of the court of common pleas of Clinton county *affirming* the judgment of a justice of the peace.

The original case was tried before a justice of the peace. It was an action to recover an amount alleged to be due on a book account. The plaintiff offered himself as a witness to prove the account as charged on his books.

On cross-examination the defendant sought to impeach the books of plaintiff for correctness, and for that purpose asked him a number of questions, among which were, "if he had not within the past two years made more than twenty-five mistakes which he was compelled to rectify"—"If he was not often mistaken in the faces of persons, taking one person for another, and thus charging erroneously," which questions and answers thereto were ruled out by the justice and excepted to.

Defendant, to maintain his defense, called several persons, the customers of plaintiff, to prove by them that his books were incorrectly kept, and that they had known of frequent mistakes. This testimony was ruled out also, to which defendant excepted, and judgment was given against defendant for the amount of the account.

On petition in error to the common pleas the judgment of the justice was affirmed. Sec. 5242, Rev. Stat., sub-div. 6, provides as follows:

"If the claim or defense is founded on a book account, a party may testify that the book is his account book, that it is a book of original entries; that the entries therein were made by himself, a person since deceased, or a disinterested person non-resident of the county—whereupon the book shall be competent evidence, and such book may be admitted in evidence in any case, without regard to the parties; upon like proof by any competent witness.

But testimony in regard to books of account is subject to the same rules of evidence as to any other fact, and whether the account is fairly kept, or the party who kept it, was competent to keep an account; whether from defective sight, or any other cause, he was apt to mistake one party for another, are all questions which go to test the honesty and fairness of the account, and should be admitted.

"Books of account are received in evidence not as *conclusive* evidence of a claim, but as conducing to prove it. The books may be strengthened or weakened by other evidence, such as proving that the party kept fair books, had no clerk, etc." Wright, 468; Cram v. Spear, 8 O., 494.

It was early held that the books of a deceased person could be received in evidence on proof that he kept regular books. Wright, 451, Cram v. Spear, 8 O., 494.

That the correctness of the book can always be attacked is sustained by the authorities in nearly all the states, and in some by statutory enactment.

In Smith's Leading Cases, part 1, vol. 1, is a summary of the law upon that subject, and the authorities are therein collected. I quote from the authorities, p. 601, the following:

In Pennsylvania it is held:

"Evidence of plaintiff may be discredited by showing he is unworthy of belief; that his books are notoriously unworthy of confidence, and to establish this latter point, particular acts in keeping them may be shown. That the reputation of plaintiff's books in the neighborhood and among those who dealt with him was bad, and that his reputation for keeping incorrect books was notorious in the neighborhood."

The Georgia code provides as one of the qualifications of the admission of a book account that "upon proof by his customers that he usually kept correct books, and upon inspection by the court to see if the books are free from any suspicion of fraud."

In Mississippi "it must be proved that the book is fairly and honestly made before it will be admitted in evidence."

In Texas it must be proved *aliunde* "that the party was in the habit of keeping correct and just accounts."

In Missouri and Minnesota the witness is subject to all the rules of cross-examination as in other cases.

In New Hampshire plaintiff is subject to cross-examination, and it is held that "it is reasonable and proper that he should be made a witness, as far as the opposite party chooses to make him one, and that as far as he is made a witness he should be at liberty to give a full explanation."

In Massachusetts it is held the book "must appear to have been honestly kept."

In New York, in the leading case, 12 John., 461, which was approved by our supreme court in Campbell v. Watson, 8 O., 498, it was held in deciding the admissibility of a book account that "it was proved by some of those who had dealt with him that he kept just and honest accounts," and the book was admitted, that court holding in another case "that that was the rule."

These authorities seem based on so firm a foundation, that it seems to us they should be followed, and any question that goes to test fairly the correctness and honesty of the book sought to be introduced, should be allowed, and whether the party keeping it, has or has not kept honest or correct accounts, should be a question left with the court or jury to weigh.

The testimony of those who have dealt with him as to the same question was competent evidence.

The judgment of the court of common pleas will therefore be reversed and the case remanded to that court to be tried as on an appeal.

Slone & Martin, for plaintiff in error.

Mills & Clevinger, for defendants in error.